**IT IS ORDERED as set forth below:**



**Date: September 9, 2020**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
|---|---|---|
| BRIAN KEITH RUTH, | : | BANKRUPTCY CASE |
|  | : | 17-61614-LRC |
| Debtor. | : |  |
| _____ | : |  |
|  | : |  |
| BRIAN KEITH RUTH, RUTH, BRIAN | : |  |
| KEITH, BENEFICIARY, | : | ADVERSARY PROCEEDING |
|  | : | NO. 20-06078-LRC |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| MORTGAGE INVESTORS CORPORATION | : |  |
| GMAC MORTGAGE LLC, PLANET | : |  |
| HOME LENDING LLC, GREEN PLANET | : |  |
| SERVICING LLC, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 13 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the *Motion to Dismiss Plaintiff's Complaint for Failure to State*

*a Claim Upon Which Relief Can Be Granted*, filed by Planet Home Lending LLC ("PHL") (Dkt. No. 10) and joinder thereto, filed by Mortgage Investors Corporation ("MIC", collectively with PHL, "Defendants") (Dkt. No. 12) (collectively, the "Motion"). The Motion arises in connection with an amended complaint (Dkt. No. 6) (hereinafter the "Complaint") filed by Brian Keith Ruth ("Plaintiff").

Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 3, 2017 (the "Petition Date").[1] *See* Case No. 17-61614-LRC (Bankr. N.D. Ga.), Dkt. No. 1 (the "Bankruptcy Case"). The Court confirmed Plaintiff's Chapter 13 plan (Dkt. No. 25) (the "Plan") on September 26, 2017 (Dkt. No. 28) (the "Confirmation Order"). In the Plan, Plaintiff agreed to "make all post-petition mortgage payments directly to" PHL. Such payments related to an allowed claim, proof of which was filed by PHL, secured by real property known as 7129 Chestnut Lane, Riverdale, Georgia 30274.

On May 27, 2020, Plaintiff filed the Complaint. Defendants filed the Motion on June 26, 2020, seeking dismissal under Rule 7012 of the Federal Rules of Bankruptcy

---

[1] Defendants have requested the Court take judicial notice of certain facts ascertainable from its docket. *See* Doc. 11. The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13-20039-TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed.R.Evid. 201, the Court takes judicial notice of its own dockets.");*Thomas v. Alcon Labs*., 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

2

Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure. As Plaintiff has failed to respond to the Motion, the Motion is deemed unopposed. *See* BLR 7007-1(c).

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6) (made applicable to this proceeding by FED. R. BANKR. P. 7012(b)). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. The Court must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White* 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass'n*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Consequently, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In this case, the Complaint states no facts with regard to Defendants. The

Complaint states only legal conclusions, asserting that Defendants engaged in fraud, libel, and "conversation of chattels." There being no facts alleged in the Complaint, the Court agrees that the Complaint is "so vague and ambiguous that Defendants cannot properly respond." Further, to the extent the Complaint seeks a determination that PHL has no valid lien on the Property, the Confirmation Order would preclude Plaintiff from bringing any such claims, *see* 11 U.S.C. § 1327(a); *Hope v. Acorn Fin., Inc.*, 731 F.3d 1189, 1195 (11th Cir. 2013) (recognizing the binding effect of confirmation on claims challenging the validity of a security interest), and, therefore, granting leave to amend the Complaint would be futile.

Accordingly, the Court concludes that the Complaint should be dismissed in its entirety, including as against any defendant that has not responded to the Complaint, under Rule 7012(b) for failure to state a claim upon which relief may be granted.

Accordingly, it is hereby

**ORDERED** that the Motion is **GRANTED;**

**IT IS FURTHER ORDERED** that the Complaint against all defendants is **DISMISSED**.

**END OF DOCUMENT**

**Distribution List**

Brian Keith Ruth
Ruth, Brian Keith, Beneficiary
7129 Chestnut Lane
Riverdale, GA 30274

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

Brian K. Jordan
Aldridge Pite, LLP
Suite 500 - Fifteen Piedmont Center
3575 Piedmont Road, NE
Atlanta, GA 30305

Talitha S. Fleming
T. Fleming & Associates, LLC
Suite 180
4751 Best Road
Atlanta, GA 30337